IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

INSPIRED PURSUITS, LLC,
QUALTRIM, INC., and
DrJ ENGINEERING, LLC,

                    Plaintiffs,

    v.

PARAGON COMPONENT SYSTEMS, LLC,        OPINION and ORDER
CLEARSPAN COMPONENTS, LLC,
JAMES HOLLAND, ANDREW ERWIN,             24-cv-745-wmc
SCOTT HOELSEMA, SETH DUNCAN,
MICHAEL PITTS, AVERY RADMACHER,
NATHAN BIEREMA, JEREMY BIEREMA,
ROB EASON, JOHN HOLLAND, and
DAVID REED,

                    Defendants.

---

In this civil action, plaintiffs Inspired Pursuits, LLC ("IP-LLC"), Qualtrim, Inc. ("Qualtrim"), and DrJ Engineering, LLC ("DrJ-LLC"), allege that the defendants improperly terminated a "decades long business partnership" and breached a non-disclosure agreement by blocking plaintiffs from rightful ownership and use of intellectual property in the form of software. Plaintiffs assert that federal jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties. Plaintiffs' allegations as to citizenship, however, are insufficient to determine whether diversity jurisdiction exists. As such, plaintiffs will be given an opportunity to file an amended complaint including the necessary allegations to establish diversity jurisdiction. Failing that, the court will dismiss this case for lack of subject matter jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Word Seed Church v. Village of Hazel Crest*, 111 F.4th 814, 819 (7th Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiffs contend that diversity jurisdiction exists under 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Dkt. #1, ¶ 18.) To show that § 1332 applies, the party seeking to invoke federal jurisdiction has the burden to establish complete diversity, "meaning that no plaintiff may be from the same state as any defendant." *Smart v. Local 702 Int'l Bhd. Of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the case must be dismissed for want of jurisdiction. *Id*.

Plaintiffs' allegations are insufficient to establish complete diversity because the complaint does not identify the citizenship of parties listed as LLCs. "The citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). "If even one investor in an . . . LLC has the same citizenship as any party on the other side of the litigation, complete diversity is missing

and the suit must be dismissed." *White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011).

Although plaintiffs allege that the members of IP-LLC are Daniel Holland, Suzanne Grundahl, and Kirk Grundahl, they provide no information about their citizenship.[1] (Dkt. #1, at 1 & ¶ 1.) For individuals, "citizenship means domicile, not residence." *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (citing *Gilbert v. David*, 235 U.S. 561 (1915)). Courts determine a person's domicile based on their (1) physical presence and (2) intent to remain. *Salem v. Egan*, 803 F. App'x 928, 931 (7th Cir. 2020).

Plaintiffs similarly provide no information about the members of DrJ-LLC, Paragon Component Systems, LLC ("Paragon LLC"), or Clearspan Components, LLC ("Clearspan LLC"), or the citizenship of those members. Plaintiffs note only that DrJ has its principal place of business in Wisconsin, while Paragon LLC has its principal place of business in Tennessee, and Clearspan LLC has its principal place of business in Mississippi. (Dkt. #1, at ¶¶ 3-5.) The Seventh Circuit has instructed, however, that principal place of business information is wholly irrelevant in deciding the citizenship of LLCs. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Trowbridge v. Dimitri's 50's Diner LLC*, 208 F. Supp. 2d 908, 910 (N.D. Ill. 2002) (noting that it has been clear for years that the place of organization and principal place of business of a limited liability company are irrelevant for purposes of determining citizenship). Because the complaint fails to contain sufficient

---

[1] Plaintiffs' corporate disclosure statement is similarly unhelpful. (Dkt. #4, at 2.)

information about citizenship, it is impossible to determine whether complete diversity exists.

Plaintiffs will be given leave to file an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenship of each member of IP-LLC, DrJ-LLC, Paragon LLC, and Clearspan LLC. In alleging facts about citizenship, plaintiffs should be aware that if any member of these LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well. *See West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020); *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."). Should plaintiffs fail to plead diversity of citizenship adequately within 14 days, this matter will be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) without prejudice to re-filing in state court.

ORDER

IT IS ORDERED that:

1. Plaintiffs Inspired Pursuits, LLC, Qualtrim, Inc., and DrJ Engineering, LLC shall have until **December 27, 2024**, to file an amended complaint containing allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 332.

2. Failure to amend within the time allowed will result in dismissal without further notice for lack of subject matter jurisdiction.

Entered this 14th of November, 2024.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM C. CONLEY
                        District Judge